Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| *Arleene Hernández Alabarces*<br>*Javier Velázquez Rivera*<br>*Rafael Dávila Rodríguez*<br>*Carmen Milagros Merced Meléndez*<br>*Heriberto Díaz González*<br>*Beatriz Dieppa Mendoza*<br>*Martita De Jesús Vázquez*<br><br>*Recurrentes*<br><br>v.<br><br>Oficina de Permisos Municipio Autónomo de Caguas<br><br>División de Revisiones Administrativas, Oficina de Gerencia de Permisos<br><br>IIB LLC<br><br>*Recurridos* | KLRA202400013 | Revisión Administrativa procedente de la Oficina de Permisos del Municipio Autónomo de Caguas<br><br>Revisión Núm: 2023-513706-SDR-013789<br><br>Caso Núm: 2021-369312-CUB-007610<br><br>Sobre: Consulta de Ubicación (Variación en Uso y Parámetros de Construcción) |

Panel integrado por su presidenta, la Juez Lebrón Nieves, la Juez Barresi Ramos y la Jueza Santiago Calderón

Santiago Calderón, jueza ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 27 de febrero de 2024.

Comparecen ante nos la señora Arleene Hernández Alabarces, el señor Javier Velázquez Rivera, el señor Rafael Dávila Rodríguez, la señora Carmen Milagros Merced Meléndez, el señor Heriberto Díaz González, la señora Beatriz Dieppa Mendoza y la señora Martita De Jesús Vázquez (en conjunto, parte recurrente), mediante *Recurso de Revisión* y nos solicitan la revisión de la *Resolución de Revisión Administrativa* emitida y notificada el 13 de diciembre de 2023, por la División de Revisiones Administrativas de la Oficina de Gerencia de Permisos (OGPe). Por virtud de esta, la OGPe desestimó por falta de jurisdicción la solicitud de revisión administrativa presentada por la parte recurrente.

Número Identificador
SEN2024 _____

Por los fundamentos expuestos a continuación, **confirmamos** la determinación recurrida.

**I.**

Según surge del expediente apelativo, el 16 de diciembre de 2022, el arquitecto Edelberto Carrera Edelman (señor Carrera Edelman), en representación de IIB, LLC, presentó ante la Oficina de Permisos del Municipio Autónomo de Caguas la *Consulta sobre Ubicación y Variación en Uso,* número de caso 2021-369312-CUB-007610, con el propósito de establecer el uso de lavado de vehículos de motor y mantenimiento de vehículos en propiedad sita en la avenida Degetau en Caguas.

El 14 de septiembre de 2023, la OPM emitió y notificó una *Resolución*[1] (aproximadamente a veinticuatro personas individuales y corporativas), en la que se autorizó la solicitud de consulta de ubicación.

Inconforme con la determinación, el 4 de octubre de 2023, la parte recurrente presentó una *Solicitud de Revisión Administrativa caso número: 2021-369312-CUB-007610* ante la División de Revisiones Administrativas de la OGPe[2]. En síntesis, la parte recurrente alegó que la aprobación de la consulta crearía un desarrollo invasivo y excesivo en una zona identificada como Residencial Intermedio (RI). Sostuvo que esto afectaría el ambiente, la seguridad y la tranquilidad del vecindario. Ante ello, la parte recurrente solicitó una audiencia para que la determinación fuera revisada.

En esta misma fecha, la parte recurrente remitió un mensaje, a través de correo electrónico, a la señora Arleene Palacios Velázquez (señora Palacios Velázquez), funcionaria del Municipio Autónomo de Caguas, y al señor Carrera Edelman, en el que indicó que había

---

[1] Véase apéndice del recurso, págs. 11-21.
[2] Véase apéndice del recurso, págs. 23-24.

presentado una solicitud de revisión administrativa[3]. Al día siguiente, el 5 de octubre de 2023, la parte recurrente envió nuevamente un correo electrónico a la señora Palacios Velázquez y al señor Carrera Edelman, en el que se expresó que "por error involuntario no se incluyó el comunicado de solicitud de revisión administrativa. En este correo se les comparte el mismo"[4].

El 3 de noviembre de 2023, la representación legal de IIB, LLC presentó una *Solicitud de Desestimación por Falta de Jurisdicción* por entender que la solicitud de revisión administrativa presentada por la parte recurrente adolecía de insubsanables errores que ameritaban su desestimación, entre ellos la falta de notificación a IIB, LLC[5].

Ante ello, el 6 de noviembre de 2023, la OGPe emitió una *Orden* en la que concedió a la parte recurrente un término de tres (3) días para presentar evidencia de la notificación del recurso a IIB, LLC. En esta misma fecha, la parte recurrente suscribió un *Escrito en Cumplimiento de Orden*[6] en el que indicó lo siguiente:

> En cumplimiento con la orden emitida hoy 6 de noviembre de 2023, se incluye copia del correo electrónico que acredita la notificación del recurso al proponente, por conducto del Arquitecto Edelberto Carrera y a la parte recurrida, Oficina de Permisos del Municipio de CAGUAS, de conformidad con la Regla 11.12.4 del Reglamento Conjunto.

El 27 de noviembre de 2023, la OGPe emitió y notificó una *Orden* en la que determinó que la parte recurrente no presentó prueba que estableciera que se notificó a IIB, LLC[7].

En esta misma fecha, la parte recurrente presentó un documento intitulado *Escrito Urgente Renovando Solicitud de Revisión*[8]. En este, adujo que con relación a la *Orden* emitida el 6 de

---

[3] Véase apéndice del recurso, pág. 22.
[4] Véase apéndice del recurso, pág. 28.
[5] Véase, apéndice del recurso, págs. 4-5. Cabe mencionar que la parte recurrente no incluyó en su apéndice copia de la *Solicitud de Desestimación por Falta de Jurisdicción.*
[6] Véase apéndice del recurso, págs. 25-27.
[7] Véase, apéndice del recurso, págs. 5-6. La parte recurrente tampoco incluyó en su apéndice copia de las órdenes emitidas por la OGPe.
[8] Véase apéndice del recurso, pág. 31.

noviembre de 2023, referente a la acreditación de la notificación del recurso de revisión, el mismo 6 de noviembre de 2023, la parte recurrente sometió un escrito en cumplimiento con lo ordenado, por lo cual solicitó que se dejara sin efecto la *Orden* del 27 de noviembre de 2023.

Así las cosas, el 13 de diciembre de 2023, la OGPe, emitió y notificó *Resolución de Revisión Administrativa*[9], en la cual desestimó por falta de jurisdicción la solicitud de revisión administrativa 2023-513706-SDR-013789 presentada por la parte recurrente, ante el incumplimiento con el Artículo 11.7 de la Ley Núm. 161-2009, según enmendada, conocida como la *Ley para la Reforma del Proceso de Permisos de Puerto Rico*[10], y con la Sección 11.1.2.4 del *Reglamento Conjunto para la Evaluación y Expedición de Permisos relacionados al Desarrollo, Usos de Terrenos y Operación de Negocios*, con vigencia de 16 de junio de 2023. El foro recurrido concluyó que la parte proponente del permiso, IIB, LLC, no fue notificada del recurso de revisión presentado.

Insatisfecha, el 12 de enero de 2024, la parte recurrente presentó el *Recurso de Revisión* que nos ocupa, en el que le imputó a la OGPe los siguientes errores:

> **ERRÓ** OGPe al desestimar el recurso de revisión, aun cuando el proponente de la consulta de ubicación y representante del dueño del Proyecto, el Arquitecto [Carrera] fue debidamente notificado.

> **ERRÓ** la OGPe al darle validez a la aprobación de la Consulta por parte de OPM Caguas, aún cuando del expediente administrativo, surge que la determinación de la OPM Caguas es nula, porque fue emitida aun cuando varios de los endosos de diversas agencias estaban vencidos.

El 7 de febrero de 2024, la OGPe, presentó *Alegato en Oposición de la Oficina de Gerencia de Permisos al Recurso de Revisión Judicial.* Por su parte, el 13 de febrero de 2024, IIB, LLC, compareció mediante *Alegato de la Recurrida IIB LLC.*

---

[9] Véase apéndice 1 del recurso, págs. 1-10.
[10] 23 LPRA secc. 9021s.

Contando con el beneficio de la comparecencia de las partes, procedemos a exponer la normativa jurídica aplicable al caso ante nuestra consideración.

**II.**

**-A-**

La Ley Núm. 161-2009, según enmendada, conocida como la *Ley para la Reforma del Proceso de Permisos de Puerto Rico*[11] (Ley Núm. 161-2009), fue creada a los fines de establecer el marco legal y administrativo que regirá la solicitud, evaluación, concesión y denegación de permisos por el Gobierno de Puerto Rico, así como para disponer en torno a la revisión administrativa y judicial de las decisiones tomadas conforme a esta Ley. Mediante la aprobación de esta ley se creó la OGPe, como entidad encargada de la evaluación, concesión o denegación de determinaciones finales y permisos relativos al desarrollo y uso de terrenos[12].

El Artículo 11.6 de la Ley Núm. 161-2009, *supra*, establece lo siguiente sobre el término para solicitar revisión administrativa:

> a) Una parte adversamente afectada por una actuación o determinación final de la Oficina de Gerencia de Permisos, de la Junta Adjudicativa, de los Municipios Autónomos con Jerarquía de la I a la V o de un Profesional Autorizado, podrá presentar una solicitud de revisión administrativa ante la División de Revisiones Administrativas, dentro del término jurisdiccional de veinte (20) días contados a partir de la fecha de archivo en autos, de copia de la notificación de la actuación o determinación final. Disponiéndose, que, si la fecha de archivo en autos de copia de la notificación de la actuación o determinación final del ente correspondiente es distinta a la del depósito en el correo de dicha notificación, el término se calculará a partir de la fecha de depósito en el correo.
>
> [...][13].

Por otro lado, el Artículo 11.7 de la referida Ley regula lo concerniente a la notificación de la solicitud de revisión administrativa. Particularmente, dispone que:

> La parte recurrente utilizará el mecanismo que proveerá el Sistema Unificado de Información al presentar el

---

[11] 23 LPRA secc. 9011 *et seq.*
[12] *Horizon Media Corp. v. Junta Revisora*, 191 DPR 228 (2014).
[13] 23 LPRA secc. 9021r.

recurso electrónicamente ante la División de Revisiones Administrativas para **notificar simultáneamente** a la Oficina de Gerencia de Permisos, a la Junta Adjudicativa, los Municipios Autónomos con la Jerarquía de la I a la V, o al Profesional Autorizado, según aplique. Además, **la parte recurrente notificará copia de la solicitud de revisión administrativa**, por correo certificado con acuse de recibo u mediante otro mecanismo dispuesto por reglamento, a las partes y a los interventores, **dentro del término de cuarenta y ocho (48) horas** desde la presentación de la solicitud. **La oportuna notificación bajo el presente Artículo es un requisito de carácter jurisdiccional y su cumplimiento deberá ser certificado y evidenciado oportunamente ante la División de Revisiones Administrativas.**[14] (Énfasis nuestro).

### III.

En el presente recurso, la parte recurrente adujo que incidió la OGPe al desestimar la revisión administrativa por falta de jurisdicción. Asimismo, sostuvo que erró la OGPe al darle validez a la aprobación de la consulta por parte de la Oficina de Permisos del Municipio Autónomo de Caguas.

Surge del expediente ante nos que, el 14 de septiembre de 2023, la Oficina de Permisos del Municipio Autónomo de Caguas notificó a aproximadamente veinticuatro personas individuales y corporativas la Resolución en la que autorizó la solicitud de consulta de ubicación del caso 2021-369312-CUB-007610.

El 4 de octubre de 2023, la parte recurrente notificó a través de correo electrónico a la señora Palacios Velázquez, funcionaria del Municipio Autónomo de Caguas, y al señor Carrera Edelman, que los vecinos colindantes habían presentado una solicitud de revisión administrativa ante la División de Revisiones Administrativas de la OPGe. Sin embargo, la parte recurrente no incluyó la solicitud de revisión administrativa ni notificó adecuadamente a todas las partes.

Conforme a la normativa jurídica antes expuesta, una parte adversamente afectada por una resolución podrá presentar una solicitud de revisión administrativa ante la División de Revisiones

---

[14] 23 LPRA sec. 9021s.

Administrativas, dentro del término jurisdiccional de veinte (20) días contados a partir de la fecha de archivo en autos de copia de la notificación de la actuación o determinación final. En el caso de autos, el término de veinte (20) días finalizó el 4 de octubre de 2023. No obstante, aunque la parte recurrente presentó la *Solicitud de Revisión Administrativa* dentro del término de veinte (20) días, no cumplió con la debida notificación de la copia de la solicitud de revisión administrativa a las demás partes, según requerido en el Artículo 11.7 de la Ley 161-2009, *supra*. El citado Artículo expresamente dispone que:

> [L]a parte recurrente notificará copia de la solicitud de revisión administrativa, por correo certificado con acuse de recibo u mediante otro mecanismo dispuesto por reglamento, a las partes y a los interventores, dentro del término de cuarenta y ocho (48) horas desde la presentación de la solicitud. **La oportuna notificación bajo el presente Artículo es un requisito de carácter jurisdiccional** y su cumplimiento deberá ser certificado y evidenciado oportunamente ante la División de Revisiones Administrativas[15].

El término jurisdiccional es fatal, improrrogable, insubsanable, no puede acortarse, no es susceptible de extenderse, ni puede eximirse por causa justificada[16]. Ante tal escenario, colegimos que la determinación de la OGPe es correcta en derecho. En consecuencia, no nos queda otra alternativa que confirmar la determinación emitida por la OGPe.

**IV.**

Por los fundamentos expuestos, **confirmamos** la determinación recurrida.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[15] *Íd.*
[16] *De Jesús Viñas v. González Lugo*, 170 DPR 499, 508 (2007).